**CITY OF ORLANDO, Robert C. Haven, and Modestus C. Amadi, Plaintiffs,**

v.

**STATE OF FLORIDA and Lawson L. Lamar, Defendants.**

**No. 90–16–CIV–ORL–19.**

United States District Court, M.D. Florida, Orlando Division.

Nov. 27, 1990.

Jody Mateer Litchford, Office of Legal Affairs, City of Orlando, Orlando, Fla., for plaintiffs.

George Lee Waas, Atty. General's Office, Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

### ORDER

GEORGE C. YOUNG, Senior District Judge.

This case came before the Court for hearing on Defendant's Motion to Dismiss or Motion for Summary Judgment, and on Plaintiffs' Cross–Motion for Summary Judgment. After argument of counsel and consideration of the court file, the Court finds as follows:

At issue in this case is the facial constitutionality of section 876.05(1), Florida Statutes. Section 876.05(1) is a loyalty oath which is required of all State of Florida

employees and officers. The form of this oath, as set forth in section 876.05(1), is as follows:

> I, _____, a citizen of the State of Florida and of the United States of America, and being employed by or an officer of _____ and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

Section 876.06, Florida Statutes, provides that any employee required by section 876.-05 to execute the specified oath who fails to do so must be immediately discharged from employment and removed from the payroll. Section 876.08 provides that any governing authority or person "under whom any employee is serving" who knowingly or carelessly permits an employee who fails to execute the oath to continue in his job is guilty of a second-degree misdemeanor. Section 876.10, Florida Statutes, provides that any person who falsely executes the oath set forth in section 876.05 is guilty of perjury.[1] Section 876.09 provides that sections 876.05 through 876.10 apply to all employees and elected officers of the State, as well as all cities, towns, counties and political subdivisions in Florida.

Plaintiff Modestus C. Amadi, who is a full-time employee of the Plaintiff City of Orlando, is an alien lawfully admitted for permanent residence in the United States and a citizen of Nigeria. In the Complaint, Plaintiff Amadi alleges that he would be guilty of perjury if he were to execute the oath set forth in section 876.05(1). Plaintiff City of Orlando and the City's Chief Administrative Officer, Plaintiff Robert C.

Haven, allege that they will be required to discharge Amadi or suffer criminal penalties if Plaintiff Amadi fails to execute the oath. Plaintiffs seek a judgment by this Court declaring sections 876.05 through 876.10 unconstitutional.[2]

In *Sugarman v. Dougall*, 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973), the United States Supreme Court struck down a New York statute denying aliens the right to hold positions in that state's competitive civil service system as violative of the equal protection guarantees of the Fourteenth Amendment. Since the *Sugarman* decision was handed down, it is clear that the states may not place a "flat ban" on the employment of lawfully admitted resident aliens in public positions that have little relation to the State's legitimate interests.[3] *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n. 20, 96 S.Ct. 1895, 1904 n. 20, 48 L.Ed.2d 495 (1976). Florida law recognizes this and presently provides:

> Except as expressly provided by law, there shall be no Florida residence requirement for any person as a condition precedent to employment by the state; however, preference may be given to Florida residents in hiring.

Fla.Stat. § 110.105(3). As noted above, however, pursuant to sections 876.05, 876.-06, 876.08, 876.09 and 876.10, Florida Statutes, every State of Florida employee or officer must swear that he or she is a citizen of the United States and of the State of Florida as a condition of continued employment, and criminal penalties are attached for the failure of public employers to require execution of the prescribed oath.

The Office of the Florida Attorney General has twice considered the applicability

---

**1.** Section 876.07 provides that any person seeking to qualify for public office must file the oath or be held to have failed to qualify as a candidate.

**2.** Lawson L. Lamar, who, along with the State, is a Defendant in this case, is the duly elected State Attorney for the Ninth Judicial Circuit of the State of Florida and is charged by the State Constitution and statutes as the prosecuting officer for all offense committed within the Ninth Judicial Circuit.

**3.** Citizenship may be required as a qualification in appropriately defined classes of positions, *see, e.g., Foley v. Connelie*, 435 U.S. 291, 98 S.Ct. 1067, 55 L.Ed.2d 287 (1978) (the position of police officer) and *Ambach v. Norwich*, 441 U.S. 68, 99 S.Ct. 1589, 60 L.Ed.2d 49 (1979) (the position of public school teacher), and the State is not precluded from making an individualized determination that a particular person should be denied employment on the basis of noncitizenship. *Hampton v. Mow Sun Wong*, 426 U.S. 88, 101 n. 20, 96 S.Ct. 1895, 1904 n. 20, 48 L.Ed.2d 495 (1976).

of the loyalty oath prescribed in section 876.05 to non-citizens. On each occasion, the Attorney General concluded that a non-citizen who is otherwise eligible for government employment in the State of Florida may qualify for employment by taking a modified oath in which the words "citizen of the State of Florida and of the United States of America" are deleted from the oath prescribed in section 876.05 and appropriate words are substituted. FLA.ATT'Y GEN.OPS. 69–121, 84–66. The State Legislature, however, has not amended section 876.05 to reflect that such modification is lawful.

In order that the loyalty oath may be required of aliens who are lawfully employed, the Court finds that the words "a citizen of the State of Florida and of the United States of America" are unconstitutional and should be stricken from the oath. Of course, this ruling does not mean that the State cannot require citizenship of Florida and/or the United States in certain classes of employment; rather, it means only that citizenship cannot be a prerequisite to taking the loyalty oath given to all employees and officers of the State of Florida, and an alien who is otherwise eligible for public employment cannot be precluded from such employment as a result of the wording of the oath. Accordingly, it is

ORDERED that the Defendants' Motion to Dismiss or alternative Motion for Summary Judgment be and is hereby DENIED, and it is further

ORDERED that the Plaintiffs' Cross–Motion for Summary Judgment be and is hereby GRANTED in that it is ORDERED that the words: "a citizen of the State of Florida and of the United States of America, and" are found to be unconstitutional as they appear in section 876.05 of the Florida Statutes and should be deleted in the administration of the requirements of said loyalty oath in the future.

DONE AND ORDERED.